CONGRESS CIGAR COMPANY, INC., Plaintiff and Appellee, *v.* FRANCISCO OTERO ET AL., Defendants and Appellants.

No. 5110. Argued March 3, 1931.—Decided May 19, 1932.

Luis A. García del Rosario and Miguel A. García del Rosario for appellants. M. García González for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

The two defendants herein appeal from an adverse judgment, dismissing the cross complaint filed by them, and adjudging them to pay to the plaintiff the balance accepted by defendants under a contract of advances of the planting of tobacco

The first error assigned as a basis for the reversal sought is one of law, involving the application of Act No. 25 of 1925 (Sess. Laws, p. 178), relative to the making of findings by the trial court, and it is claimed that the lower court ignored the provisions of said act.

The court, in its statement of the case and opinion forming the basis of its judgment, said that the evidence was conflicting, that the preponderance thereof favored the plaintiff, for which reason it adjusted the conflict in its favor; and that as a result of the evidence introduced, it held as satisfactorily proved each and every allegation of the complaint; and further, that the averments of the cross complaint, in which it was alleged that plaintiff had violated the contract, had not been proved.

Said statement of the case and opinion declares as proved all the allegations of the complaint and as not proved those of the cross complaint, which is equivalent to stating the facts proved upon which the opinion is based, and constitutes a substantial compliance with the statute cited, which is what we have required in our decisions in Román v. Heirs of González, 38 P.R.R. 362, and Montañez v. Heirs of García, 36 P.R.R. 198. As regards the adjustment of the conflict

in the evidence, we have seen that the lower court gave credence to the evidence of plaintiff and denied it to that of the defendants. And in the case of *Deliz* v. *Deliz,* 40 P.R.R. 72, referring to the Act of 1925, in so far as it provides that in cases of conflict in the evidence the judge should express the reason for his arriving at a result, we declared that when it appears that a court believed one set of witnesses rather than another, little more can be required. There it was further said:

"We do not think that it was the intention of the Legislature that the judge should say that because of a witness's words, attitude or gestures, he did not merit credit and we doubt if the Legislature has the right to exact such minute requirements of a judge."

Therefore, the error thus assigned is nonexistent.

The second assignment refers to the dismissal of the cross complaint; and the fourth, which we believe is related to the second, charges manifest error in the weighing of the evidence.

Appellants have not attacked as erroneous the holding of the lower court that each and every allegation of the complaint had been proved, substantially to the effect that the plaintiff had agreed by a contract of advances for agricultural purposes, entered into on October 26, 1926, and which was binding on defendant María de la Cruz Rosario *in solidum,* to deliver instalments to defendant Francisco Otero, up to the sum of $2,250, with interest thereon at 8 per cent per annum, for the planting of tobacco on 30 acres (*cuerdas*) of land in Corozal; which contract was liquidated on June 27, 1927, by an agreement between plaintiff and defendants, and a balance was struck amounting to $1,775.11 in favor of plaintiff; and that said balance has not been paid since June 30, 1927, which was the date of the maturity of the contract.

According to the cross complaint, in which damages are sought to be recovered, the crop of tobacco was lost due to

the fault of plaintiff, who refused to deliver any funds at the beginning of the harvest, in April or May of 1927, when $165 still remained to be advanced on account of the agricultural credit, for which reason only 24 hundredweight and 10 pounds of tobacco could be delivered.

The evidence was conflicting, and we see no reason to reverse the action of the lower court in adjusting said conflict, for there was evidence believed by the court that the crop of tobacco was very poor; that Francisco Otero abandoned it and came to San Juan; that heavy rains destroyed the crop, of which only tobacco valued at $385.34 could be delivered; that the $165 remaining of the crop loan credit was not turned over because Otero did not apply for it; and that the plaintiff when the crop is good customarily gives more money although the credit for agricultural advances be exhausted.

The remaining error assigned, or the third, is that the lower court erred in sustaining the complaint as to María de la Cruz Rosario. It is claimed that the breach of the contract by plaintiff deprived Francisco Otero of the opportunity to pay the full amount of the credit for advances, and that for this reason María de la Cruz Rosario was relieved of her obligation towards plaintiff. We have seen that it was not due to plaintiff's fault that Francisco Otero did not pay in full the debt for agricultural advances, and hence said error does not exist.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.